IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-00159-RPM

JON SAUNDERS,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA,

      Defendant.
_____

ORDER FOR JUDGMENT OF DISMISSAL
_____

Pursuant to 38 U.S.C. § 1975, Jon Saunders seeks judicial review of the Army's denial of two applications for benefits claimed under the Servicemembers Group Life Insurance Traumatic Injury Protection Program ("TSGLI") for injuries sustained while on active duty in the United States Army in 2009.  The administrative record has been filed and the issues briefed.  It is not disputed that this review is analogous to that done for any final administrative agency action under the Administrative Procedures Act, ("APA), 5 U.S.C. § 706(2).

Saunders' first application filed in March, 2013, clams that he was injured during physical training.  He described the injury as follows:

> On approximately 14 May 2009, during Physical Training, I suffered a traumatic injury when I was forced to the ground and landed on my outstretched arms.  The doctors called this a FOOSH injury.  I went to the ER and they placed me in a splint.  On 19 May 2009, I followed up with the regular doctor and they placed me in a half cast.  I was ordered to stay in the cast and go through physical therapy.  I also injured my chest during the impact, but there were no rib fractures.  The doctor suspected a fracture of my wrist.  He found a "ulnar variance" which he said was caused by the stress of the injury.  He suspected a hairline fracture as well, but I do not know if this was found.  I DO know the pain has never

> gone away, and my wrist has never been without pain since.
> I was placed in a half cast and arm sling for a couple of months. I was on an extended profile from 23 June 2009 to 06 July 2009. On 30 June 2009 my profile was extended to 14 days, to 20 July 2009 and I was ordered to continue wearing a splint. During this time, my wife had to help me dress and bathe. I could not tie my own shoes. I could not button my own pants. I could not lift my pants or pull my arm through my sleeves. When bathing, I could not shower and wash the side of my body without help. I could not wash my back or my hair. I could not remove my clothing without help or put clothing back on without help.

AR 9.

In Part B of the application, Dr. Timothy Hall gave the following reason for the claim that Saunders had a qualifying loss making him unable to perform two or more activities of daily living. ("ADL").

> PATIENT REPORTS IMPACT INJURY ON MAY 14,2009 (NO ER REPORT AVAILABLE. DIAGNOSTIC STUDY INTERPRETATION FOR SAME DATE PROVIDED) PATIENT REPORTS A LARGE PORTION OF HIS RECORDS ARE 'MISSING'. VERIFIED BY MEDICAL RECORDS DOCUMENTATION IS LIMITED. HOWEVER TRAUMATIC FOOSH INJURY, TX, IMPAIRMENT ARE VERIFIED IN PROVIDED RECORDS. FOOSH INJURY CAUSED STRESS LOAD ON WRIST WITH POSSIBLE BONE CONTUSION, AS DOCUMENTED, CAUSING DEFORMITY, PAIN, AND LOSS OF FUNCTIONAL USE. WRIST PAIN LOCATED IN THE RADIOCARPAL AND ULNOCARPAL JOINT WITH EXTENSION INTO THE FINGERS. ULNAR VARIANCE REPORTED. LIMITED ROM AND WEAKNESS NOTED. HAND DEFORMITY WITH ASSOCIATED PAIN ALSO REPORTED. TX: PATIENT WAS PLACED IN PARTIAL CASTING WITH SLING, PRESCRIBED ANTIINFLAMMATORY MEDICATION, ADVISED TO PERFORM THERAPEUTIC EXERCISES. PATIENT REPORTS CURRENT RESIDUAL PAIN AND TENDERNESS IN WRIST ASSOCIATED WITH WEATHER. USING A REASONABLE PERSON STANDARD, BASED UPON THE DOCUMENTATION PROVIDED, THE PATIENT WAS UNABLE TO PERFORM THE ACTIVITIES OF DAILY LIVING OF DRESSING OR BATHING WITHOUT ASSISTANCE WITH THIS TYPE ON INJURY AND CASTING AND/OR SLING. PATIENT UNABLE TO DRESS/UNDRESS WITHOUT ASSISTANCE PARTICULARLY WITH PAIN EXTENSION INTO FINGERS AND REQUIRING ASSISTANCE TO BATHE. PATIENT UNABLE TO UTILIZE IMMOBILIZED WRIST.

>AR 17.

Dr. Hall acknowledged that he had not observed the patient's loss but reviewed the medical records.

The Army reviewed the medical records and on April 25, 2013, the Office of Servicemembers Group Life Insurance ("OSGLI") sent Saunders a letter denying his claim in the following language.

> Your claim for the inability to perform activities of daily living (ADLs) due to traumatic injury (other than traumatic brain injury) was not approved because the medical documentation provided does not indicate your loss met the standards for TSGLI.

>AR 1.

After a request for reconsideration, the Army sent a letter to Saunders dated August 15, 2013, giving the following reason for denying the claim:

> The documentation provided for your event which took place on 14 May 2009, in Colorado did not indicate that you met the TSGLI standards for loss of Activities of Daily Living (ADLs). The medical documentation you submitted indicate that on 19 May 2009, you were "released without limitations" and did not indicate that your wrist injury rendered you incapable of performing the ADLs of bathing or dressing that are covered by TSGLI standards for 30 consecutive days or greater.

>AR 33.

The second application was submitted on April 5, 2013, claiming TSGLI benefits for an ankle injury based on the following narrative:

> On 02July2009, during unit Physical Training, I was playing basketball. At some point, while, I was jumping up to tip the ball, another person crashed into me and I fell to the ground landing on the side of my ankle and it rolled underneath me. The pain was from my foot all the way up my leg. I went to the ER and they placed me in a CAM Walker Boot and told me to keep it on for 8 weeks because I possibly had fractured my ankle. I wore this boot for approximately three months after my doctor ordered me to stay in after the 8 weeks past. Without this boot on, my foot would roll and

> I could not support my own weight on my ankle.  They took X-Rays on 06July2009.  I went to the clinic on 07July2009 because during the night my toes started to burn.  They told me I had torn a ligament in my ankle.
>
> I wore the CAM Walker boot until September 2009.  Eventually they replaced the boot with a brace.  Once I was in the brace, I was able to wear my military boots again.  I was still on profile not to stand longer than 15 minutes for a while after that, but with the brace, I could dress myself again.  I still needed help with other things because I could not stand for longer than 15 minutes.
>
> While I was in the CAM Walker, I was also on a profile to not stand for longer than 15 minutes at a time.  My ankle was wrapped up and was painful to move.  My ex-wife had to help me take my pants on and off, put on socks, and help me undress.  My ex-wife also had to help me bathe.  Because I could not stand for longer than 15 minutes, I could not shower or dress without her help.  It was to painful to stand for even 15 minutes at a time.  For about 3 months my wife had to help me with everything that involved standing and not being able to stand I could not walk up stairs either.
>
> I did physical therapy and my ankle improved.  It is still not the same as it was before, but it is better.
>
> AR 89.

The Medical Professional's Statement, Part B of the application was signed by Karen J. Thompson, a registered nurse in Arizona, who acknowledged she had not observed the patient.  Her statement included the following comments:

> INJURY DUE TO GRAVITATIONAL FORCES WHICH ARE COVERED UNDER THE TSGLI PROGRAM FOR BENEFITS; SPRAIN OF TIBIOFIBULAR LIGAMENT.  SEE PREVIOUS COMMENTS REGARDING MECHANISM OF INJURY AND DESCRIPTION OF INJURY.  INJURY RESULTED IN SECONDARY PLANTAR FASCITIS AND LOSS OF SENSATION @ L5-S1 NERVE EXTENSIONS.  PAIN LEVELS WERE CONSITENTLY 10/10-5/10.  AFTER 21SEPT2009 PATIENT CONTINUED TO EXPERIENCE LOSS, HOWEVER, ASSISTANCE WAS NOT REQUIRED BEYOND THIS POINT.  BEYOND 21SEPT2009 PATIENT CONT. W/PHYSICAL THERAPY AND LIMITED RANGE OF MOTION, INDICATING SYMPTOMS REMAINED PRESENT AND HAD NOT FULLY RESOLVED.

AR 99.

The letter from OSGLI, dated April 26, 2013, gave the following reason for not approving the claim:

> Your claim for the loss of activities of daily living for 60 days due to other traumatic injuries was not approved because your loss was not a direct result of a traumatic event. Under TSGLI, a traumatic event is defined as "the application of external force, violence, chemical, biological, or radiological weapons, or accidental ingestion of a contaminated substance causing damage to a living being." Because evidence indicates that your loss did not directly result from a traumatic event as defined above, your branch of service could not approve your claim.

AR 81

In response to a request for reconsideration, the Army wrote to Saunders on August 15, 2013, expanding on the reason for disapproval as follows:

> The documentation provided for your event which took place on 2 July 2009, while playing basketball in Colorado did not indicate that you suffered a loss resulting from a qualifying traumatic event. The TSGLI Procedures Guide defines a traumatic event as "the application of external force, violence, chemical, biological, or radiological weapons, accidental ingestion of a contaminated substance, or exposure to the elements that causes damage to the body." Also, the documentation provided for your event did not indicate that you met the TSGLI standards for loss of Activities of Daily Living (ADLs). The medical documentation you submitted did not indicate that your ankle injury rendered you incapable of performing the ADLs of bathing or dressing that are covered by TSGLI standards for 30 consecutive days or greater. If the Soldier is able to perform the activity by the use accommodating equipment/adaptive measures (such as PDA, can, crutches, wheelchair, etc.), then the Soldier is considered able to independently perform the activity.

AR 130.

The Army moved for summary judgment setting forth in some detail the evidentiary support for those denials. Saunders responded after first objecting that the motion for summary judgment was premature because no answer has been filed and

5

that some discovery should be allowed.  That argument is incorrect.  Summary judgment has been the customary practice in APA cases but Fed. R. Civ. P. 56 is not applicable because the Court is limited to a review of the administrative record and no discovery is permitted.

The plaintiff's brief on the merits is not helpful because it includes inaccurate statements.  Reference is made to an "arm fracture sustained on June 14, 2009, and a hard cast.  There is no medical record of a cast and the recollection of Saunders may be affected by the time delay in submitting the claim.  A splint for a wrist injury is substantially different.

The injury sustained while playing basketball on July 2, 2009, undermines the contention that he could not bathe or dress himself as a result of the wrist injury.  The medical records reflect that he was released without limitations on May 19, 2009.  There is a contradiction with a June 23, 2009, with his "physical profile" extended through July 6, 2009.

Saunders apparently recognizes that it is implausible that he could play basketball on July 2 if his disability from the wrist injury was as extensive as claimed because he has asked only for benefits until June 30,2009.

Saunders claims that the OSGLI letter of denial of his first application failed to comply with the requirement of an explanation of reasons making the decision arbitrary as this Court found in *Stringer v. United States,* 11-cv-02584-RPM.  That ignores the Army's later letter of August 15, 2013, which did give a reason.  Additionally, the administrative record shows that the Army did review the medical documentation and

the professional statement in Part B can be disregarded as it was based on the patient's statement and was not given by a treating health care provider.

The second application was denied on the conclusion that the injury was not a direct result of a "traumatic event." That phrase is not defined in the statute. The VA did define it in 38 C.F.R. § 1980A(b)(1) as "the application of external force...." The Procedural Guide repeats that definition and adds the following:

> The event must involve a physical impact upon an individual. Some examples would include: an airplane crash, a fall in the bathtub, or a brick that falls and causes a sudden blow to the head. It would not include an injury that is induced by the stress or strain of the normal work effort that is employed by an individual, such as straining one's back from lifting a ladder.

The plaintiff claims that the gravitational force involved in landing afer jumping is an external force. That argument would seem to be supported by the illustration of "a fall in the bathtub" and the plaintiff described the event as "another person crashed into me." The Army apparently did not give credence to that statement and the plaintiff did not argue it in his response brief. While there can be a reasonable disagreement about this reason for denial, the Army's position is not arbitrary.

In its letter of August 15, 2013, the Army added that the medical documentation did not support a loss of ADL. That, too, is reasonable. An inability to stand for more than 15 minutes does not preclude showering or dressing.

Upon review this Court finds that there is substantial evidence to support these denials of TSGLI benefits and it is therefore

ORDERED, that this civil action is dismissed and the Clerk shall enter judgment for the defendant.

DATED: July 24th, 2014

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge